# Exhibit A

IN THE COMMON PLEAS COURT
STARK COUNTY, OHIO



FILED
MAR 30 2020
LOUIS P. GIAVASIS
STARK COUNTY OHIO
CLERK OF COURTS

| | |
|---|---|
| DANIEL MILLER, by and through his duly appointed Power of Attorney, WALTER MILLER<br>11949 Mogadore Ave., NW<br>Uniontown, OH 44685<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA<br>5701 Golden Hills Drive<br>Minneapolis, MN 55416<br><br>And<br><br>JOHN DOE NO. 1 THROUGH 5<br>Names and Addresses Unknown<br><br>Defendant. | CASE NO: 2020CV00637<br><br>JUDGE: **Hartnett**<br><br>**COMPLAINT**<br><br>(Breach of Fiduciary Duty, Negligent Advice, Negligent Supervision)<br><br>**JURY DEMAND ENDORSED HEREON** |

NOW COMES the Plaintiff, Daniel Miller, by and through his duly appointed Power of Attorney, Walter Miller (hereinafter "Plaintiff"), and for his Complaint against Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ("hereinafter "Defendants"), states and alleges as follows:

### FIRST CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

1. Plaintiff is a resident of the State of Ohio, whose primary residence is 11949 Mogadore Ave., NW, Uniontown, Ohio 44685, and the surviving spouse of Keturah V. Miller ("Keturah"). Plaintiff is 94 years old.

2. Defendant Allianz Life Insurance Company of North America, upon information and belief, is a Minnesota Company, registered to do business in the State of Ohio, and conducting activities in the State of Ohio, County of Stark, subjecting itself to the jurisdiction of this Court.

3. Prior to her death, Keturah, who turned 90 years old on January 4, 2019, owned an Allianz Annuity, Contract No. 70591382 (the "Annuity"), which had a cash value in excess of $88,000.00.

4. In the event of Keturah's death, Plaintiff would have received the cash value of the Annuity. Plaintiff was a reasonable and foreseeable beneficiary of the Annuity.

5. On or about August 13, 2019, even though Keturah was 90 years old, and her husband was 94 years old, and in frail health, Defendant, upon information and belief, through its duly appointed agents and/or employees, including but not limited to John Does No. 1 through 5, whose true names and address are not known at the moment despite reasonable efforts to discover the same, induced Keturah to exercise an Annuity Option Agreement that removed the cash value of the Annuity, and instead paid Keturah the amount of $1,034.31 for life (see Exhibit A attached hereto).

6. Due to her advanced age, as well as diminished health, limited formal education, having been raised in an Amish family, Keturah, was of limited knowledge and/or competence to appreciate financial, insurance, and/or investment products, and lacked the capacity and ability to provide informed consent to the change to the Annuity.

7. Keturah then died on October 13, 2019, just three months after having been duped into making the changes suggested, advised, and/or coerced from the Defendants.

8. Rather than receive the full Annuity value of $88,000.00, due to Defendant's actions, Plaintiff, who is 94 years old and in poor health, will only receive the amount of $1,034.31 per month, until the time of his death,

9. Defendants had a duty provide both insurance and financial advisory services and to act in the best interest of the insured and the insured intended beneficiary, and to provide informed consent, advice, and counsel in the best interest of the insured and her intended beneficiary.

10. Defendants knew, or should have known, that allowing a 90-year-old woman in poor health to convert an annuity with a cash value of $88,000.00, to a fixed monthly amount with **no** death benefit would substantially and dramatically reduce the value of the Annuity to both Keturah and to the Plaintiff.

11. Defendants' actions were negligent, wanton and willful, and constituted a breach of its fiduciary duty to provide a suitable insurance product and/or selection for their client.

12. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged all due to the negligence, carelessness, wanton, and/or reckless acts and/or omissions of Defendants.

13. As a direct and proximate result of Defendant's wrongful conduct Plaintiff has been damaged in an amount in excess of $25,000.00, exclusive of costs and attorney fees, for compensatory damages, plus due to the bad acts of the Defendants is entitled to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Negligent Advice)

14. Plaintiff restates the foregoing as if fully rewritten herein.

15. Defendants had a duty to give sound and proper advice regarding the Annuity.

16. Defendants breached that duty by, *inter alia* recommending and/or advising Keturah to convert the Annuity from a product with a death benefit of $88,000 to a monthly payment of $1,034.31 with no death benefit.

17. This advice and/or recommendations by Defendants was improper and constituted a breach of Defendants' duty.

18. As a direct and proximate result of the same, Plaintiff has been made to suffer damages in excess of $25,000, exclusive of costs and attorney fees, together with compensatory damages and punitive damages.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Supervision, Training, Education)

19. Plaintiffs restate the foregoing as if fully rewritten herein.

20. Upon information and belief, some or all of the wrongful acts above may have been committed by employees and/or agents of Defendant, including but not limited to John Does No. 1 through 5., whose names and addresses are known at the moment despite reasonable efforts to discover the same.

21. Such employees and/or agents were negligent in their commission of the acts described above.

22. The Defendant knew or should have known of the negligence of its employees and/or agents.

23. Defendant's actions in hiring and/or failing to properly supervise, train, and/or educate its employees and/or agents allowed said employees and/or agents to commit the wrongful acts described above.

24. As a direct and proximate result of Defendants' negligent hiring, supervision, training, and/or education of its employees and/or agents, Plaintiff has suffered damages in excess of $25,000, exclusive of costs and attorney fees, as well as punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be proven at trial in excess of 25,000, together with interest at the statutory rate, court costs, attorney fees. Further, to the extent that Defendants' actions were done willfully, wantonly, recklessly, and/or in bad faith, Plaintiff seeks punitive damages in an amount to be proven at trial, as well as such other and further relief as this Court deems just and proper, whether at law or equity.

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Respectfully submitted,
STARKEY & RUNKLE, LLC

_____
RONALD K. STARKEY #0059174
rks@starkeylawfirm.com
ADAM M. RUNKLE #0087949
amr@starkeylawfirm.com
638 W. Maple Street
Hartville, OH 44632
Ph.   330.494.9077
Fax   866.247.1855
Attorneys for Plaintiff

Allianz Life Insurance Company
of North America
PO Box 59060
Minneapolis, MN 55459-0060
800.950.1962



## ANNUITY OPTION AGREEMENT

| | | |
|---|---|---|
| Policy/Contract Number: | 70591382 | Today's Date: August 13, 2019 |
| Annuitant Name: | KETURAH V MILLER | |
| Owner Name: | KETURAH V MILLER | |
| Settlement Effective Date: | August 13, 2019 | |
| Option Chosen: | Joint & 100% Survivor | |
| Original Amount of Proceeds: | $88,271.88 | Payment Amount: $1,034.31 |
| Payment Mode: | Monthly | |
| First Payment Date: | August 13, 2019 | |
| Survivor Name: | DANIEL L MILLER | |

Under the provisions of your policy, you have chosen the above-described annuity option. Each installment will consist of part principal and part interest. It is understood that election of this annuity option waives all rights to submit premium or make additional withdrawals. No further adjustment in interest will be made.

Except for the Company's obligations with respect to payment pursuant to the annuity option selected by you, all other provisions of the policy terminate once payment begins. The mode of payment is fixed and cannot be changed. With the election of this annuity option, quarterly and/or annual statements will no longer generate. The selection of this annuity option is irreversible and unassignable.

Allianz Life agrees to pay equal installments as long as the annuitant and survivor are still living. Should the annuitant or survivor die, payments will continue in the same amount and manner as previously elected to the remaining person for as long as he or she lives. There will be no refund or payment to a beneficiary upon the deaths of the annuitant and survivor.

Gretchen Cepek
Secretary

Walter R. White
President and CEO

EXHIBIT
A

R1022